UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DR. MARTIN ROGINSKY,           :    Civil Action No.:
                               :
                    Plaintiff, :    CV-09 1160
                               :
    - against -                :    **VERIFIED COMPLAINT**
                               :
COUNTY OF SUFFOLK, NEW YORK    :
and PECONIC BAY MEDICAL CENTER,:            HURLEY, J.
                               :
                   Defendants. :    Trial by Jury    LINDSAY, M.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   MAR 20 2009   ★
LONG ISLAND OFFICE

Plaintiff, DR. MARTIN ROGINSKY, by and through his attorneys, WOLIN & WOLIN, complaining of the defendants, COUNTY OF SUFFOLK, NEW YORK and PECONIC BAY MEDICAL CENTER, respectfully alleges as follows:

### Introduction

1.  This is an action brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq., as amended; and the New York State Executive Law §296 and §297, for employment discrimination based upon age. Plaintiff seeks appropriate monetary relief to redress the wrongdoings complained of herein.

### Statement Pursuant to Local Rule 9

2.  For purposes of complying with Local Rule 9, plaintiff states that he has no corporate parent, subsidiary or affiliates and that there are no other interested parties.

### Jurisdiction and Venue

3.  The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §626, 42 U.S.C. §2000e-5(f) and the Court's inherent supplemental jurisdiction.

4. Defendant, County of Suffolk, New York (hereinafter "County"), at all times hereinafter mentioned, was and still is a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

5. Defendant, Peconic Bay Medical Center (hereinafter "Medical Center"), at all times hereinafter mentioned, was and still is a not-for-profit voluntary hospital duly organized and existing pursuant to the laws of the State of New York and maintaining a principal place of business in the Eastern District of New York.

6. Defendants maintain offices and conduct business within the Eastern District of New York.

7. The offices of defendants in which the employment records relevant to this action are maintained, the office in which plaintiff worked at all relevant times and where the complained of actions occurred are located in the Eastern District of New York. Therefore, under 42 U.S.C. §2000e-5(f)(3), venue is proper in the Eastern District of New York.

## Exhaustion of Administrative Remedies

8. Prior to filing this action, on or about July 25, 2008, plaintiff timely filed a written Charge of Discrimination against the defendant County herein with the Equal Employment Opportunity Commission (EEOC).

9. In said Charge of Discrimination, plaintiff alleged that defendant County had discriminated against him based upon his age.

10. On December 23, 2008, the EEOC issued a "Dismissal and Notice of Rights" to plaintiff advising him of his right to file an action against defendant County within 90 days of his

receipt of the notice.

11. Plaintiff has filed this complaint within the time prescribed by law after receiving the "Dismissal and Notice of Rights."

12. On or about July 1, 2008, plaintiff also caused a Notice of Claim to be served upon defendant County, pursuant to the General Municipal Law of the State of New York.

13. More than 30 days have elapsed since plaintiff served defendant County with the Notice of Claim and the claim remains open and unpaid.

## Parties

14. Plaintiff, at all times hereinafter mentioned, was and still is a resident of the State of New York, County of Suffolk.

15. Defendant County, at all times hereinafter mentioned, was and still is a municipal corporation duly organized pursuant to the laws of the State of New York.

16. Defendant Medical Center at all times hereinafter mentioned, was and still is a not-for-profit voluntary hospital duly organized and existing pursuant to the laws of the State of New York.

17. Defendants are engaged in an activity and/or industry affecting commerce and had and still has at least 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year. Therefore, defendants are employers within the meaning of the relevant statutes.

18. At all relevant times, defendants were "employers," as defined by 29 U.S.C. §630(b), 42 U.S.C. §2000e(g)(h) and Article 15 of the New York State Executive Law. Therefore, defendants

are "employers" for purposes of said statutes.

### Facts

19. Plaintiff was born on November 1, 1928. He is currently eighty (80) years of age.

20. Plaintiff is a physician duly licensed to practice medicine in the State of New York.

21. Plaintiff graduated medical school in 1958. He is Board Certified in Internal Medicine and Endocrinology. From 1964 to 2002, he served as a Physician in the Endocrinology Department at Nassau County Medical Center. For most of that time, he was Chief of Endocrinology. Between 1990 and 2002, he also served as Medical Director at the Nassau County Jail. Plaintiff retired from both positions in 2002. He is also an Associate Professor Emeritus at Stony Brook University.

22. Plaintiff's credentials are impeccable and his professional competence unquestioned.

23. In 2003, plaintiff was hired by defendant County on a part-time contractual basis as a Staff Physician at the Suffolk County Jail located in Riverhead, New York. Plaintiff remained in this capacity for approximately two (2) years.

24. In or about 2004, the defendant County and defendant Medical Center, upon information and belief, entered into an agreement, whereby defendant Medical Center would supply the physicians to the Suffolk County Jail, with the approval of defendant County.

25. Pursuant to this agreement, plaintiff now went on the payroll of defendant Medical Center, although he continued performing his services at the Suffolk County Jail.

26. Plaintiff eventually became a full-time employee at the Jail, having the title of Staff Physician.

27. He earned $150,000 per annum.

28. Plaintiff was originally hired to the Suffolk County Jail by Ebelina Kahn, M.D.. Dr. Kahn was the Medical Director of the Suffolk County Jail at the time. Dr. Kahn would eventually be replaced by Vincent Gerazi, D.O..

29. At all times, plaintiff's employment with the Suffolk County Jail was excellent.

30. During his employment, it was accepted practice that plaintiff write prescriptions for staff of the Jail. This included Correction Officers, Nurses, and Physician Assistants. Plaintiff even wrote prescriptions for the Warden and professional staff of the County Health Commissioner. It was common knowledge that he was doing so. No one ever questioned this practice.

31. In April, 2008, plaintiff wrote a prescription for a nurses aide. The next day, plaintiff received a telephone call from a pharmacist indicating that the aide had apparently altered the prescription to provide for a refill, wherein plaintiff had not provided for any refill. Plaintiff immediately reported the activity of this employee.

32. On May 15, 2008, plaintiff was summoned to a meeting, where Dr. Gerazi and William McManus, defendant Medical Center's Administrator, were present. Mr. McManus advised plaintiff that he was asked by defendant County to terminate him. No reason was given. He further stated that plaintiff had the option of resigning; but that it had to be done that day. Plaintiff asked Mr. McManus for a few days. He said "No." Not having any meaningful alternative, plaintiff resigned, under circumstances that were obviously not of his own choice. Plaintiff was the victim of a constructive discharge.

33. Days later, defendant County issued a memo stating that, henceforth, prescriptions

could only be issued for departing inmates only.

34. Although plaintiff was never given a reason for his constructive discharge, plaintiff believes that defendants will attempt to utilize the prescription issue as the justification.

35. Plaintiff respectfully submits that this cannot justify his dismissal, under the circumstances set forth. This reason could not have legitimately caused plaintiff's dismissal. It is nothing more than a pretext and a convenient reason for defendants to orchestrate the cessation of plaintiff's employment. Defendant County compelled defendant Medical Center to take the action against plaintiff because of his age.

36. It must be noted that these actions occurred after Dr. Gerazi had made comments about plaintiff's age. He said that plaintiff was getting "old" and that plaintiff was not going to be around much longer. Dr. Gerazi, obviously, carried out this plan. At the time, plaintiff had no intention to leave his employment.

37. The actions complained of herein are part of a pattern and practice by defendants to create a hostile work environment against older employees.

## Count I

38. Plaintiff submits that defendants' actions constitute a willful violation of 29 U.S.C. §623, inasmuch as defendants' actions were based, in whole or in part, upon plaintiff's age.

39. Defendants and their agents treated plaintiff differently from other employees on account of his age and discriminated against plaintiff in compensation, terms, conditions and privileges of employment.

40. Plaintiff further alleges that defendants' actions, as complained of herein, have denied

him equal terms, conditions and privileges of employment because of his age.

41. Defendants' actions created a hostile work environment.

42. Defendants cannot demonstrate any legitimate employment related reason for their actions. Any claim to the contrary is nothing more than a pretext so that defendants could attempt to mask their actions. Defendants cannot articulate any legitimate non-discriminatory reason for their actions.

43. As a direct and proximate result of defendants' actions, as aforesaid, plaintiff has been severely damaged. Plaintiff has suffered loss of economic benefits and potential economic benefits.

44. Plaintiff has also been damaged physically and emotionally. Plaintiff has developed anxiety, depression and emotional stress. Plaintiff has been unable to eat properly, sleep properly and concentrate. He has also suffered embarrassment, humiliation and damage to his reputation. Because of the actions alleged, plaintiff's self-esteem and confidence have declined. He has also incurred attorney's fees.

45. By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief, an award of compensatory damages, liquidated damages, punitive damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

## Count II

46. Plaintiff submits that defendants' actions constitute a willful violation of Article 15 of the New York State Executive Law, specifically § 296 and § 297, inasmuch as defendants' actions were based, in whole or in part, upon plaintiff's age.

47. Defendants and their agents treated plaintiff differently from other employees on account of his age and discriminated against plaintiff in compensation, terms, conditions and privileges of employment.

48. Plaintiff further alleges that defendants' actions, as complained of herein, have denied him equal terms, conditions and privileges of employment because of his age.

49. Defendants' actions created a hostile work environment.

50. Defendants cannot demonstrate any legitimate employment related reason for their actions. Any claim to the contrary is nothing more than a pretext so that defendants could attempt to mask their actions. Defendants cannot articulate any legitimate non-discriminatory reason for their actions.

51. As a direct and proximate result of defendants' actions, as aforesaid, plaintiff has been severely damaged. Plaintiff has suffered loss of economic benefits and potential economic benefits.

52. Plaintiff has also been damaged physically and emotionally. Plaintiff has developed anxiety, depression and emotional stress. Plaintiff has been unable to eat properly, sleep properly and concentrate. He has also suffered embarrassment, humiliation and damage to his reputation. Because of the actions alleged, plaintiff's self-esteem and confidence have declined.

53. By reason of the foregoing, plaintiff has become entitled to appropriate injunctive relief; an award of compensatory damages, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest.

### Jury Demand

54. Plaintiff demands a trial by jury.

## **Prayer for Relief**

WHEREFORE, plaintiff, DR. MARTIN ROGINSKY, respectfully requests that judgment be entered in his favor and against defendants, COUNTY OF SUFFOLK, NEW YORK and PECONIC BAY MEDICAL CENTER, as follows:

a. on the first count, an award of appropriate injunctive relief, an award of compensatory damages, liquidated damages, punitive damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest;.

b. on the second count, an award of appropriate injunctive relief, an award of compensatory damages, liquidated damages, punitive damages, attorneys fees, expert fees, and costs and disbursements in an amount to be determined by a jury at trial with appropriate interest; and

c. such other and further relief as the Court deems just and proper.

Dated: Jericho, New York
March 18, 2009

Respectfully submitted,
WOLIN & WOLIN ESQS.

By: Alan E. Wolin, Esq.
Attorney for *Plaintiff*
420 Jericho Turnpike, #215
Jericho, New York 11753
Telephone: (516) 938-1199
Facsimile: (516) 938-1178

## VERIFICATION

State of New York   )
                    )Ss.
County of Nassau    )

DR. MARTIN ROGINSKY, being duly sworn, deposes and says:

I am the Plaintiff in the within action and I have read the foregoing Verified Complaint and know the contents thereof, the same is true to my knowledge, except as to those matters therein stated to be based upon information and belief, and as to those matters I believe them to be true.

*[signature]*
DR. MARTIN ROGINSKY

Sworn to before me this
18th day of March, 2009

*[signature]*
Notary Public

JILL A. FIEMAN
Notary Public, State of New York
No. 4993075
Qualified in Nassau County
Commission Expires March 9, 2010